UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDDIE SPOTTED BEAR,<br><br>Defendant. | 5:25-CR-50117-CCT-1<br><br>**ORDER DENYING DEFENDANT'S APPEAL OF DENIAL OF MOTION FOR FURLOUGH** |

On March 13, 2026, in magistrate court, Eddie Spotted Bear pled guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(a). Docket 42. Magistrate Judge Wollmann issued a report and recommendation accepting the guilty plea and recommending that he be adjudged guilty of the offense. Docket 45. This Court adopted the report and recommendation, accepted Mr. Spotted Bear's guilty plea, and set sentencing for June 15, 2026. Docket 46. The Court notes that the magistrate court issued a detention order for Mr. Spotted Bear on July 21, 2025, after determining that there is a serious risk he will not appear and a serious risk that he will endanger the safety of another person or the community. Docket 21.

On April 23, 2026, Mr. Spotted Bear filed a motion for a one-day furlough to allow him to attend his daughter's graduation ceremony. Docket

1

49. He notes that he was previously granted furlough to visit his ailing mother on April 2, 2026, and he returned without issue. *Id.*

Magistrate Judge Mark Haigh held a hearing on Mr. Spotted Bear's motion on April 29, 2026. Docket 50. After considering the motion and arguments of counsel, the magistrate court issued an order denying furlough. Docket 51. Mr. Spotted Bear appeals that denial. Docket 53. He notes that the magistrate court relied on the requirement in 18 U.S.C. § 3154(c) that the defendant show an exceptional reason warranting release. *Id.* at 1. But according to Mr. Spotted Bear, that statute does not apply here because he is not requesting release per se but, instead, furlough. *Id.* He then claims that granting a one-day furlough is warranted because he was previously granted furlough and returned, he has no criminal history, he is not a danger to himself or others, and he is not a flight risk. *Id.* at 2.

Mr. Spotted Bear's previous furlough was granted prior to this Court accepting his guilty plea. Now that this Court has accepted Mr. Spotted Bear's guilty plea to a federal drug offense that carries a maximum penalty of ten years or more and is awaiting sentencing, his detention is mandatory under 18 U.S.C. § 3143(a)(2), absent narrow exceptions not applicable here. This mandatory detention applies with equal force against a request for furlough. *See United States v. Geraghty*, Crim. A. No. 22-096-10 (CKK), 2023 WL 6199085, *2 (D.D.C. Sept. 22, 2023) (concluding 18 U.S.C. § 3143(a)(2) requires detention and "extends the Court no discretion to release Defendant for even twenty-four hours").

However, there is an "escape hatch for a defendant who is subject to mandatory detention pending sentencing under section 3143(a)(2): the statutory provision that is codified at 18 U.S.C. § 3145(c)." *United States v. Wiggins*, 613 F. Supp. 3d 348, 354 (D.D.C. 2020). Under § 3145(c), "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." (Emphasis added.) Therefore, contrary to Mr. Spotted Bear's view, because he is subject to mandatory detention pursuant to § 3143(a)(2), his request for furlough is governed by § 3145(c) and he must show an exceptional reason warranting release. *See Geraghty*, 2023 WL 6199085, at *3 (considering a furlough request under § 3145(c) from mandatory detention imposed after guilty verdict but before sentencing).

"Exceptional reasons" is not defined in the statute. However, the Eighth Circuit has defined "'exceptional reasons' as 'clearly out of the ordinary, uncommon or rare.'" *United States v. Krantz*, 530 F. App'x 609, 610 (8th Cir. 2013) (colleting cases). While the Court is sympathetic to Mr. Spotted Bear's desire to attend his daughter's 8th graduation to honor her hard work and be there to support her in the ways he did so prior to his incarceration, a child's graduation is not an uncommon or rare circumstance or out of the ordinary. *See Geraghty*, 2023 WL 6199085, *3 (noting that "'purely personal' circumstances are very rarely exceptional, because 'incarceration regrettably

3

inflicts family hardship on many, if not most, defendants'" (citation omitted));

*United States v. Marcel Stafford*, No. 5:21-CR-736-1, 2024 WL 4792081, at \*4

(N.D. Ohio Nov. 14, 2024) (concluding that defendant's request for temporary

release to address issues related to his children does not constitute an

exceptional reason). Similarly, Mr. Spotted Bear's prior compliance while on

release is not an exceptional reason; it is behavior expected of all defendants.

*See Marcel Stafford*, 2024 WL 4792081, at \*4. Therefore, Mr. Spotted Bear

has not shown an exceptional reason to justify his release and, thus, has not

shown a basis for reversing the magistrate court's denial of his motion for

furlough.

Accordingly, it is hereby

ORDERED that Defendant's appeal from denial of motion for furlough,

Docket 53, is denied.

Dated May 5, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

4